UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CASSADEE BUSBY | CIVIL ACTION NO.: 3:16-CV-01467 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| TEXAS ROADHOUSE HOLDINGS, L.L.C., ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

In this claim for damages based on premises liability, Random Property Investments, L.L.C. ("RPI") was brought in as a third-party defendant by original defendants Texas Roadhouse Holdings, L.L.C. and Texas Roadhouse, Inc. (together, "Texas Roadhouse"). Plaintiff Cassadee Busby ("Busby") later amended her complaint to include RPI as a defendant. Now before the Court is RPI's Motion for Summary Judgment [Record Document 40], seeking a dismissal of the claims of both Texas Roadhouse and Busby. The motion is unopposed. For the reasons discussed below, the motion for summary judgment is **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On September 15, 2016, Bubsy filed the instant lawsuit against Texas Roadhouse and XYZ Insurance Company[1] in the Fourth Judicial District Court for the Parish of Ouachita, Louisiana. Record Document 1-2, p. 2. Busby alleges that on October 9, 2015, she was seriously injured when she encountered a piece of rebar protruding from the ground on the premises of Texas Roadhouse. *Id.* at ¶s 3–4. Busby claims that this rebar constituted a defective condition that Texas Roadhouse

---

[1] XYZ Insurance Company has since been dismissed by the Clerk of Court for failure to effect service within 90 days.

1

either created, knew about, or should have known about. *Id.* at ¶ 5. Texas Roadhouse timely removed the case to this Court on October 20, 2016. Record Document 1.

More than a year later, on October 27, 2017, Texas Roadhouse filed a third-party complaint against RPI and the City of West Monroe ("the City"). Record Document 16. The complaint alleges that the rebar Busby encountered was located on a fifty-foot-wide strip of land that was subject to a servitude granted by Texas Roadhouse to RPI. *Id.* at ¶ 8. This servitude ran across the northern boundary of Texas Roadhouse's property and was established so that RPI could build an extension of a road called Basic Drive (hereinafter, "Basic Drive Expansion"). *Id.* The servitude was established in an Agreement for Reciprocal Acts between Texas Roadhouse, RPI, and the City. *Id.* at ¶s 8–9. The agreement provided that after the Basic Drive Expansion was completed, the fifty-foot-wide servitude would be dedicated to the City as a public right of way. *Id.* at ¶ 9. This dedication occurred in September of 2015. *Id.* at ¶ 11. The agreement also stated that, except in the event of negligence on the part of Texas Roadhouse, RPI agreed to defend and hold harmless Texas Roadhouse from all claims arising from or relating to "RPI's entry in, on, or around Texas Roadhouse Holdings, L.L.C.'s property and the construction portion of the Basic Drive Expansion located on Texas Roadhouse Holdings, L.L.C.'s property." *Id.* at ¶ 10. Texas Roadhouse alleges that the rebar that Busby encountered was either left by RPI when it was constructing the Basic Drive Expansion or left by the City when it constructed two cast iron utility pipes in the area of the servitude. *Id.* at ¶ 14. Texas Roadhouse claims that if it is cast in judgment to Busby, RPI is obligated to indemnify it for any damages, expenses, and attorney's fees that may be awarded. *Id.* at ¶s 15 & 16.

On July 25, 2018, Busby amended her complaint to include RPI and the City as defendants. Record Document 32. The allegations in her complaint remained the same. *Id.* On December 4,

2018, RPI filed the instant motion for summary judgment. Record Document 40. On December 6, 2018, the City moved to vacate the scheduling order in the case and upset the trial date. Record Document 42. The Court granted the motion and referred the parties to the Magistrate Judge for the entry of a new scheduling order. Record Document 43. On December 11, 2018, the Court issued an order clarifying that the deadlines relating to RPI's motion for summary judgment remained in place and were not subject to the Court's order vacating the scheduling order and upsetting the trial date. Record Document 44. No opposition to RPI's motion for summary judgment was filed. The Court later instructed Busby, Texas Roadhouse, and the City to inform the Court whether they intended to oppose RPI's motion. Record Document 50. All three parties have confirmed that they do not oppose RPI's motion for summary judgment. Record Documents 51, 52, & 53.

## LAW & ANALYSIS

**I.**     **Legal Standard**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23. However, "if the movant bears the burden of proof on an issue, . . . he must establish beyond

peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

"[A] district court may not grant a motion for summary judgment merely because it is unopposed." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010). The moving party is still required to establish that there is no genuine issue of material fact regardless of whether any response has been filed. *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012). However, because neither Busby nor Texas Roadhouse filed an opposition or statement of contested material facts, RPI's statement of uncontested material facts is deemed as admitted for the purposes of the instant motion pursuant to Local Rule 56.2.[2] *Dade v. Clayton*, No. 12-680, 2012 WL 1795144 at *2 (W.D. La. May 11, 2012).

## II. RPI's Statement of Uncontested Material Facts

In compliance with Local Rule 56.1, RPI has provided the Court with eight statements of uncontested material fact, which it entitles "Statement Material Facts Not at Issue." Record Document 40-9. As noted above, these eight statements are deemed as admitted for the purposes of this motion. Therefore, going forward, the Court accepts that:

(1) On October 9, 2015, plaintiff Cassadee Busby was leaving the Texas Roadhouse Restaurant, walking across on [sic] grassy/median area and injured her leg on a piece of rebar protruding from the ground.

(2) The southern portion of the grassy/median area where the accident occurred was owned by Texas Roadhouse.

(3) The northern portion of the grassy/median area where the accident occurred was owned by the City of West Monroe subject to a servitude and maintenance obligation of Texas Roadhouse.

---

[2] Local Rule 56.2 states, in part, "All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule."

4

(4) Neither RPI nor its Contractor, W. M. Construction, Inc., placed any rebar in the grassy/median area of the Roadhouse Property where the accident occurred.

(5) The only work performed by RPI's Contractor near the accident area was to replace a curb. This construction did not involve rebar or result in any rear [sic] being placed in the grassy/median area.

(6) The construction of the Basic Road Expansion was completed during the Summer of 2015.

(7) On July 14, 2015, the City of West Monroe accepted the dedication of the Basic Drive Expansion subject to "certain rights of use and maintenance in favor of Texas Roadhouse."

(8) On October 1 and 5, 2015, the Easements, Covenants and Restrictions Agreement was executed by the City of West Monroe and Texas Roadhouse.

Record Document 40-9.

### III. RPI's Arguments

Although RPI's motion for summary judgment is unopposed, the Court may only grant the motion if RPI "demonstrates that based on the evidence no reasonable jury would return a verdict in favor of [Busby or Texas Roadhouse]." *LaTurner v. United Rentals North Am.*, *Inc.*, 2:16-CV-00297, 2017 WL 2508658 at *2 (W.D. La. June 8, 2017). RPI argues that its motion should be granted for three reasons: (1) it was not the owner or custodian of the property where the rebar was located; (2) it did not create the alleged hazard; and (3) Busby's claims against it have prescribed under Louisiana law. Record Document 40-1.

    **A. Summary Judgment as to Bubsy's Claims**

RPI states that Bubsy is attempting to recover damages for her injuries under a theory of premises liability based on Louisiana Civil Code Article 2317.1 *Id.* at 8. After examining the complaint, the Court agrees. Busby does not directly reference Article 2317.1 in her complaint, but she does allege that the defendants are liable to her because the rebar "constituted a defective condition within the premises." Record Document 1-2, ¶ 5. She claims that (1) the defendants

5

created this defective condition or (2) the defendants knew, or in the exercise of reasonable care should have known, of this defective condition. *Id.*

Article 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Therefore, in order to recover against RPI, Busby must establish (1) that RPI owned or had custody of the area where the rebar was found; (2) the area contained a defect; (3) the defective condition caused her injuries, (4) actual or constructive knowledge of the defect by RPI; and (5) the damage could not have been prevented by the exercise of reasonable care. *Ports v. Circle K Stores, Inc.*, 395 F. Supp. 2d 442, 445 (W.D. La. July 22, 2005) (citing *Yocom v. Gleason*, 34,839 (La. App. 2 Cir. 6/20/01), 792 So. 2d 808, 811).

In its motion, RPI points out that when the City accepted the dedication of the Basic Drive Expansion, this acceptance was subject to "certain rights of use and maintenance in favor of Texas Roadhouse" according to an Easements, Covenants and Restrictions Agreement. Record Document 40-1, p. 6. RPI provides the Court with a copy of the ordinance wherein the City adopted the Basic Drive Expansion and a copy of the Easements, Covenants, and Restrictions Agreement between Texas Roadhouse and the City. Record Documents 40-6 & 40-7. In this agreement, the City granted a servitude to Texas Roadhouse over a portion of the former Texas Roadhouse property inside the fifty-foot dedication. Record Documents 40-1, p. 6 & 40-7, pp. 4–5. This property is referred to as the "Roadhouse Protected Area." Record Document 40-7, pp. 4–5. The agreement states that Texas Roadhouse is responsible for "maintaining, repairing and/or replacing (as and if necessary) any and all parking spaces, curbs, driveway access and landscaping within

the Roadhouse Protected Area in good condition and repair at all times . . . ." *Id.* at 5. This agreement was finalized on October 5, 2015. *Id.* at 7.

RPI argues that, based on the above facts, no party can show that it had ownership or care, custody, and control of the area in question when Busby was injured. Record Document 40-1, p. 10. As to ownership, RPI states that after the incident, surveyors from the City found two spots where rebar protruded out of the ground and a third spot where a piece of rebar was on the ground in the grassy/median area. *Id.* at 7. RPI provides evidence showing that of those three places where rebar was found, two were in the "Roadhouse Protected Area" and one was on Texas Roadhouse Property. *Id.* at 7; Record Documents 40-4, p. 4 & 40-8. As to care, custody, and control, RPI states that the City accepted the dedication of the Basic Drive Expansion on July 14, 2015. Record Document 40-1, p. 11; *see also* Record Document 40-6, p. 3. The Easements, Covenants, and Restrictions Agreement, providing that Texas Roadhouse was responsible for maintaining that area, was signed on October 1 and 5, 2015. Record Document 40-1, p. 11; *see also* Record Document 40-7, p. 7. Based on these facts, the Court finds that RPI has established that it did not have ownership or care, custody, and control of the area where the accident occurred on October 9, 2015. As such, Busby cannot maintain her premises liability claim under Louisiana Civil Code Article 2317.1 against RPI. *Ports*, 395 F. Supp. 2d at 445. The uncontroverted evidence, along with statements (1)–(3) and (6)–(8) of RPI's "Statement of Material Facts Not at Issue," demonstrate that no reasonable trier of fact could return a verdict in favor of Busby. *LaTurner*, 2017 WL 2508658 at *2; *see also* Record Document 40-9. RPI's motion for summary judgment

7

[Record Document 40] is hereby **GRANTED** as to Busby.[3] Bubsy's claim against RPI is **DISMISSED WITH PREJUDICE**.

      **B.**      **Summary Judgment as to Texas Roadhouse's Claims**

Texas Roadhouse claims that RPI left rebar in the grassy/median area while constructing the Basic Drive Expansion. Record Document 16, p. 4. RPI challenges these allegations as conclusory and states that they contain no facts showing that the alleged hazard was created by RPI or its contractors. Record Document 40-1, pp. 11–12. RPI points to the affidavits of Ronald J. Riggin, II ("Riggin"), who performed the survey and construction planning work on the Basic Drive Expansion, and Mark D. Williams ("Williams"), the owner of RPI's contractor W. M. Construction, Inc., to show that RPI never performed any work in the grassy/median area. *Id.* at 11; *see* Record Documents 40-4, ¶s 8–10 & 40-5, ¶s 5–8. These affidavits state that there were no plans to perform any construction work in that area, nor was rebar ever placed there by the contractor. Record Document 40-1, pp. 11–12. RPI further states that the only work that its contractor performed near the grassy/median area was the removal and replacement of a curb. *Id.* at 12. According to RPI, no rebar was used to build the curb and none of the people who were frequently on the jobsite observed any rebar being placed in that particular area. *Id.* RPI references the affidavits of Riggins, Williams, and Thomas Sanders, RPI's manager, in support of this point as well. Record Documents 40-3, ¶s 8–10; 40-4, ¶s 10–12; & 40-5, ¶s 7–8.

Based on this uncontroverted evidence and statements (4)–(5) of RPI's "Statement of Material Facts Not at Issue," the Court finds that neither RPI nor its contractor placed any rebar in the grassy/median area. *See* Record Document 40-9. If RPI did not leave rebar in the grassy/median

---

[3] Because the Court grants RPI's motion on the merits, it will not address RPI's arguments regarding prescription.

area, then Busby's alleged injury could not have been caused by RPI's "entry on, in, or around" Texas Roadhouse property, and the indemnity clause of the Reciprocal Acts Agreement between Texas Roadhouse and RPI is not applicable to this case. *See* Record Document 40-3, p. 7. Thus, no reasonable trier of fact could find that RPI is liable to Texas Roadhouse. *LaTurner*, 2017 WL 2508658 at *2. RPI's motion for summary judgment [Record Document 40] is hereby **GRANTED** as to Texas Roadhouse. Texas Roadhouse's claim against RPI is **DISMISSED WITH PREJUDICE**.

IV. **Conclusion**

Based on the foregoing, RPI's motion for summary judgment [Record Document 40] is hereby **GRANTED**. The claims of Texas Roadhouse and Busby against RPI are hereby **DISMISSED WITH PREJUDICE**.

RPI is hereby **DISMISSED** as a defendant in this action.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this __7th__ day of May, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE